GOWER, Appellant,

v.

CONRAD, Admr., et al., Appellees.

[Cite as *Gower v. Conrad* (2001), 146 Ohio App.3d 200.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–2.

Decided Sept. 25, 2001.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Eric S. Bravo,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis Hufstader,* Assistant Attorney General, for appellee Bureau of Workers' Compensation.

*Schottenstein, Zox & Dunn* and *William J. Barath,* for appellee Consolidated Stores, Inc.

LAZARUS, Judge.

Plaintiff-appellant Cindy E. Gower appeals the November 30, 2000 judgment entry of the Franklin County Court of Common Pleas in favor of defendants-appellees, James Conrad, Administrator, Bureau of Workers' Compensation, and

Consolidated Stores Corporation. The judgment entry incorporates a jury verdict affirming the determination of the Bureau of Workers' Compensation ("bureau") and the Industrial Commission denying appellant the right to participate in the workers' compensation system for the condition of aggravation of preexisting degenerative changes to the cervical discs at levels C4–5, C5–6, and C6–7. Appellant challenges the trial court's refusal to include one of appellant's proposed jury instructions concerning what may constitute an aggravation of a condition under the workers' compensation laws. For the reasons that follow, we agree with appellant and reverse.

On February 19, 1997, appellant was injured on the job with appellee, Consolidated Stores Corporation, when she slipped and fell, injuring her neck and left shoulder. Thereafter, appellant filed workers' compensation claims for two conditions: (1) sprain of the left shoulder and neck and (2) aggravation of degenerative changes of the cervical discs at C4–5, C5–6, and C6–7. Appellant's claim for sprain of the left shoulder and neck was allowed and is not the subject of this action. Appellant's claim for aggravation, however, was denied by the bureau, which denial was ultimately affirmed by the Industrial Commission on March 18, 1999.

Pursuant to R.C. 4123.512, appellant appealed that determination to the Franklin County Court of Common Pleas, and the parties stipulated to a jury trial before a magistrate.

At trial, appellant requested that the following proposed jury instruction be given:

"In order to establish an aggravation of a pre-existing condition, a person must show that he or she has suffered 'some real adverse effect, even if that effect was relatively slight.'

"In determining whether Ms. Gower has established that from her workplace injury of February 19, 1997 she suffered aggravations of the conditions of degenerative changes of the cervical discs at C4–5, C5–6, and C6–7 levels, the key is whether the aggravation had an impact on her bodily functions or affected her ability to function or work. 'Aggravate' simply means the aggravation was significant enough that it caused a problem for which the person sought treatment.

"* * *

"Therefore, aggravation of a condition or conditions can be demonstrated through increased symptoms which debilitate the person more after the accident than they did before the accident."

The magistrate, however, refused to give this instruction, finding that it was unnecessary, especially given the use of the following standard jury instruction

found in 3 Ohio Jury Instructions (2000), Section 365.13, and drawn from the Ohio Supreme Court's syllabus in *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920:

"Employers take their employees as they find them and assume the risk of having an employee's preexisting condition aggravated or made worse by some injury that would not hurt or bother a perfectly healthy person. It is not necessary for the employee to prove that the aggravation is substantial in order to participate in the workers' compensation [system]."

On October 12, 2000, the jury rendered a verdict in favor of appellees, finding that appellant was not entitled to participate in the workers' compensation system for the condition of aggravation of preexisting degenerative changes of the cervical discs at levels C4–5, C5–6, and C6–7. On November 30, 2000, the trial court entered judgment accordingly.

Appellant timely appealed raising the following single assignment of error:

"The trial court erred in refusing to instruct the jury that a workplace injury which causes a person to suffer an increase in pain symptoms, an increase in the need for pain medication, and a severe decrease in her ability to work constitutes an 'aggravation' of a preexisting condition under the workers' compensation law."

In her sole assignment of error, appellant challenges the trial court's refusal to give appellant's proposed jury instruction as to what may constitute an aggravation of a preexisting condition. In particular, appellant contends that the trial court should have instructed the jury that an aggravation of a condition can be demonstrated through increased symptoms that debilitate the person more after the accident than they did before the accident. We agree.

" 'Ordinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.' " *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, quoting Markus & Palmer, Trial Handbook for Ohio Lawyers (3 Ed.1991) 860, Section 36:2. As such, this court has recognized a three-part test to determine when the trial court commits reversible error in failing to give a requested instruction: (1) the proposed instruction must be a correct statement of the law; (2) the proposed instruction must not be redundant of other instructions given; and (3) the failure to give the proposed instruction impaired the theory of the case of the party requesting it. *State v. Shahan* (Mar. 12, 1998), Franklin App. No. 97APC08–1107, unreported, 1998 WL 107356. See, also, *Mettler–Toledo, Inc. v. Wysong & Miles Co.* (Nov. 9, 1999), Franklin App. No. 98AP–1462, unreported, 1999 WL 1009721 ("A trial court's failure to submit a requested charge to a jury constitutes reversible error only if the requested instruction was a correct

statement of the law applicable to an issue raised by the evidence in the case and if the failure to so instruct was prejudicial to a substantial right of the requesting party."). Here, all three requirements are satisfied.

First, appellant's proposed instruction is a correct statement of Ohio law. An aggravation claim refers to a situation when a preexisting condition becomes worse due to a workplace injury and is compensable under the workers' compensation system. See, generally, *Schell, supra.* "The key is whether the aggravation * * * had an impact on a person's bodily functions or affected an individual's ability to function or work." *Boroff v. McDonald's Restaurants of Ohio, Inc.* (1988), 46 Ohio App.3d 178, 181, 546 N.E.2d 457. Significantly, "an aggravation of the underlying condition can be evinced through either symptoms ('debilitating effects') or physiological changes not due to the normal progression of the disease." *Hess v. United Ins. Co. of Am.* (1991), 74 Ohio App.3d 667, 679, 600 N.E.2d 285. Thus, a jury may find an aggravation through evidence of worsened symptoms even though objective medical testing does not otherwise indicate a worsening condition. *Id.* See, also, *Rumer v. Neuman Industries, Inc.* (June 17, 1997), Allen App. No. 1–96–92, unreported, 1997 WL 346192 ("Increased pain, along with an inability to work due to that pain, may be considered an 'aggravation' of a pre-existing disorder, if the claimant's symptoms are supported by the evidence in the record.").

Appellee Consolidated Stores correctly points out that none of the cases cited by appellant in support of her instruction specifically involves the failure of the trial court to give a particular instruction on the debilitating effects method of proving an aggravation. The appellee, however, does not dispute that appellant's proposed instruction is a correct explanation of the aggravation analysis under Ohio law. Rather, appellee contends that the proposed instruction was not otherwise necessary, since the instruction ultimately given by the trial court was a correct statement of the law and adequately covered the issues submitted to the jury. According to appellee, the trial court correctly rejected the proposed instruction as superfluous. We disagree.

As transcribed above, the trial court gave the instruction found in 3 Ohio Jury Instruction (2000), Section 365.13, which states that an employer assumes the risk of having an employee's preexisting condition aggravated by a workplace injury and that it is not necessary for the employee to prove that the aggravation is substantial in order to participate in the system. This instruction is specifically drawn from the Ohio Supreme Court's decision in *Schell, supra,* in which the court held in its syllabus that "[a] workers' compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to determination of extent of his participation in State Insurance Fund."

The jury instruction derived from the holding in *Schell*, presumes, however, that the claimant has already proven a work-related aggravation and merely clarifies that the aggravation need not be substantial. Thus, the instruction given by the trial court concerns the extent or degree of aggravation necessary to be compensable. It does not, however, define an aggravation. More important, the instruction as given fails to address the specific legal issue sought to be clarified by appellant's proposed instruction, *i.e.*, that an aggravation may be proven through evidence of increased symptoms resulting in a decreased ability to work.

Thus, we agree with appellant that her proposed jury instruction was not merely a superfluous instruction otherwise covered by the other instructions.

Finally, we agree with appellant that the trial court's refusal to give the proposed jury instruction impaired appellant's theory of the case. Simply put, appellant's entire theory of the case was that her increased neck pain since the 1997 accident and her inability to work from that pain supported a finding of an aggravation, despite the lack of objective, medical evidence showing such aggravation.

At trial, appellant testified at length about the debilitating effects resulting from her February 1997 accident. Specifically, appellant testified that she was involved in a serious automobile accident in 1987, which resulted in injuries to her neck and pelvis. She further testified that she was able to return to work after the accident, that she did not miss any time from work due to neck pain until after her February 1997 accident at Consolidated Stores, and that since the accident she has been unsuccessful in maintaining employment do to severe neck pain. Appellant further testified as to increased use of pain medication since the accident, including additional types of medication and dosage.

Likewise, appellant's treating physician, Dr. John Guluzian, D.O., testified that it was his expert medical opinion that appellant suffered an aggravation of degenerative changes of the cervical discs at C4–5, C5–6, and C6–7, due to the February 1997 workplace accident. Dr. Guluzian based his opinion primarily on appellant's increased symptomatology—increased complaints of pain, increased need for medication, and inability to work.

In contrast, appellee, Consolidated Stores, highlighted the lack of objective medical evidence supporting appellant's claim. Dr. Guluzian was cross-examined about the lack of any diagnostic test result showing a finding of aggravation. Moreover, appellee's expert witness, Dr. Kenneth Saul, D.O., specifically testified that, in his opinion, objective, diagnostic testing was necessary for a physician to find an aggravation of a preexisting condition. Dr. Saul further testified that based upon the lack of such objective evidence in this case, he did not believe that

the 1997 accident caused any aggravation of appellant's preexisting neck condition.

Thus, the issue sought to be addressed by appellant's proposed jury instruction was essential to appellant's theory of her case—that despite the lack of objective, medical evidence, appellant could still prove an aggravation given her testimony (and that of her treating physician) of her increased pain, need for pain medication, and inability to work since the accident. While appellee, Consolidated Stores, correctly notes that nothing in the instructions as given was affirmatively inconsistent with appellant's theory (*i.e.*, no instruction stated that objective evidence of an aggravation was necessary), we do not believe that this is necessary to warrant reversal in this case. Without appellant's proposed instruction (or a similar instruction addressing the same legal issue), the jury was left to speculate as to the importance of and/or necessity of objective evidence in this case. Given the nature of the evidence and the importance of the issue in this case, appellant was entitled to an instruction informing the jury that objective, medical evidence is not legally necessary to find an aggravation.

For the foregoing reasons, we find that the trial court committed reversible error in refusing to instruct the jury as requested by appellant. Appellant's single assignment of error is sustained, the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

BOWMAN, J., concurs.

DESHLER, J., dissents.

DESHLER, Judge, dissenting.

Being unable to agree with the majority, I respectfully dissent.

First, the majority concludes that the requested instruction proffered by appellant was a correct statement of the law and met all the procedural requirements for use of the proposed instruction.

I submit that in the context of the instructions given by the court relating to aggravation of preexisting condition, the proposed instruction was superfluous and somewhat argumentative in view of the issues before the jury. As stated in *Atkinson v. Internatl. Technegroup, Inc.* (1995), 106 Ohio App.3d 349, 666 N.E.2d 257, "In considering the appropriateness of a jury instruction, a reviewing court must view the instruction as a whole. The trial court does not commit reversible

error if the instructions are sufficiently clear to enable the jury to understand the law as applied to the facts."

This entire case on appeal centers on a claim of error that involves the trial court's refusal to give the following instruction tendered by appellant:

"In order to establish an aggravation of a pre-existing condition, a person must show that he or she has suffered 'some real adverse effect, even if that effect was relatively slight.'

"In determining whether Ms. Gower has established that from her workplace injury of February 19, 1997 she suffered aggravations of the conditions of degenerative changes of the cervical discs at C4–5, C5–6, and C6–7 levels, the key is whether the aggravation had an impact on her bodily functions or affected her ability to function or work. 'Aggravate' simply means the aggravation was significant enough that it caused a problem for which the person sought treatment.

"Therefore, aggravation of a condition or conditions can be demonstrated through increased symptoms which debilitate the person more after the accident than they did before the accident."

The trial court clearly had the discretion to refuse the instruction at issue, since it contained redundant material when viewed in light of other instructions.

As the record reveals, the trial court gave the full set of civil instructions including the following relating to the jury's consideration of the issue of aggravation of preexisting condition:

"The disputed issues for your decision are did Ms. Schneider suffer the condition of aggravation of preexisting degenerative changes of the cervical disks at level C4–5, C5–6, and C6–7.

"If so, did Ms. Schneider suffer the condition of aggravation of preexisting degenerative changes of the cervical disks at level C4–5, C5–6, and C6–7 in the course of her employment?

"So, did the condition of aggravation of preexisting degenerative changes of the cervical disks at level C4–5, C5–6, and C6–7 arise out of her employment?

"Or, was the condition of aggravation of preexisting degenerative changes of the cervical disks at level C4–5, C5–6; and C6–7 caused primarily by the natural deterioration of the tissue and organ, or part of the body?"

After giving other instructions on aggravation of preexisting condition, the court provided the following instructions as prescribed in the *Schell* case:

"Employers take their employees as they find them and assume the risk of having an employee's preexisting condition aggravated or made worse by some

injury that would not hurt or bother a perfectly healthy person. It is not necessary for the employee to prove that the aggravation is substantial in order to participate in the workers' compensation [system]."

When considering the instructions as a whole, and recognizing the instruction on aggravation of preexisting conditions arising from the *Schell* case as given, the instruction sought by appellant is redundant. The trial court is free to refuse a proposed instruction if it is redundant. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. More important, the context of instructions is a matter within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

Additionally, the proposed instruction, elevating subjective complaints to a level of evidentiary parity with expert medical opinion, is somewhat confusing with its special reliance upon claimant's complaints. Claimant's complaints, history, and course of treatment were all in evidence through the doctor's testimony. The denial of the proposed instruction, even if viewed as a correct statement, remains superfluous and could not be deemed as prejudicial to a substantial right of the claimant. The reason for this observation is that the wording of the proposed instruction is not only unneeded, it conflicts with other instructions in the evidence to be considered by the jury. I therefore do not agree with the majority that the failure to give the proposed instruction impaired, in any substantial manner, the appellant's theory of her case.

Since I view the proposed instruction as redundant and potentially in conflict with other correct instructions as given by the trial court, I cannot conclude that the trial court abused its discretion in refusing to give the instruction as proposed by appellant. I would therefore affirm the trial court's judgment.