STARKEY, Appellant,

v.

BUILDERS FIRSTSOURCE OHIO VALLEY, L.L.C., Appellee, et al.

[Cite as *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, 187 Ohio App.3d 199, 2010-Ohio-1571.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081279.

Decided April 9, 2010.

Fox & Fox Co. L.P.A., Bernard C. Fox, and M. Christopher Kneflin, for appellant.

Becker & Cade and Howard D. Cade III, for appellee, Builders Firstsource Ohio Valley, L.L.C.

Richard Cordray, Attorney General of Ohio, and Thomas J. Straus, Assistant Attorney General, for defendant Administrator, Ohio Bureau of Workers' Compensation.

J. Howard Sundermann, Judge.

{¶ 1} The principal question raised in this appeal is whether a claimant who wishes to participate in the Workers' Compensation Fund for a specific condition under a theory of direct causation must also include a claim for aggravation of a condition at the administrative level if the claimant wishes to raise aggravation of a condition in an appeal under R.C. 4123.512. Because we agree with those Ohio appellate districts that have held that aggravation of an

appealed condition is based on a theory of causation that a claimant need not raise administratively before pursuing an appeal under R.C. 4123.512, we reverse the judgment of the trial court and enter judgment for plaintiff-appellant Joseph Starkey on his claim for "degenerative osteoarthritis of the left hip."

## I. Starkey's Workers' Compensation Claim

{¶ 2} Starkey was injured on September 11, 2003, in the course and scope of his employment with defendant-appellee Builders Firstsource Ohio Valley, L.L.C. He filed a claim with the Bureau of Workers' Compensation that was allowed for the following conditions: sprain of left hip and thigh, "sprain lumbrosacral"; "enthesopathy of left hip"; "tear left hamstring"; "glenoid labrum tear of left hip"; "venous embolism deep vein thrombosis" left leg; and "degenerative joint disease left hip." His claim for "diabetes either by way of direct causation or aggravation" was disallowed.

{¶ 3} In December 2005, Starkey moved to amend his claim to add the additional condition of "degenerative osteoarthritis of the left hip." The claim was allowed by a district hearing officer and a staff hearing officer. Builders Firstsource appealed to the Industrial Commission, which denied further review.

## II. Builders Firstsource's Appeal to the Common Pleas Court

{¶ 4} Builders Firstsource then appealed to the common pleas court pursuant to R.C. 4123.512. Starkey filed a complaint, which he then voluntarily dismissed under Civ.R. 41(A). He then refiled the complaint within the one-year period provided by R.C. 2305.19, the saving statute. Starkey's case then proceeded to a trial before the court.[1]

{¶ 5} At trial, Starkey testified that he was working as a service technician for Builders Firstsource on September 11, 2003, when he injured his hip while installing a window. Starkey testified that he had not had any left-hip problems prior to the workplace incident. He sought immediate medical attention for his injured hip at Mercy Fairfield Hospital's emergency room. When the problems with his left hip persisted, he sought follow-up treatment with Dr. John Gallagher, M.D., a board-certified orthopedic surgeon. When this proved unavailing, he was referred to Dr. George Shybut, M.D., in 2005, for arthroscopic surgery on his left hip. When this surgery ultimately proved unsuccessful, he was referred back to Gallagher. In July 2006, he underwent a total hip replacement, which

---

1. The Ohio Attorney General's Office filed an answer to Starkey's complaint on behalf of the Administrator for the Bureau of Workers' Compensation, stating that Starkey was entitled to participate in the Workers Compensation Fund. The Attorney General's Office also indicated that it would be inactive in the common pleas court proceedings.

was performed by Gallagher. Starkey testified that he has continued to receive treatment from Gallagher for problems related to his left hip.

{¶ 6} Starkey's counsel then introduced the deposition of Gallagher. Gallagher testified that he had treated Starkey for the left-hip problems resulting from his September 11, 2003, workplace injury. During his treatment of Starkey, Gallagher reviewed x-rays, an MRI, and an arthrogram of Starkey's left hip. The MRI and arthrogram showed that Starkey had osteoarthritis in his left hip. Gallagher testified that Starkey had no history of left-hip pain or left-hip problems prior to the workplace injury. Gallagher testified that conservative care of Starkey's left-hip injury failed, so he referred Starkey to Dr. Shybut for arthroscopic surgery on his left hip. When the surgery failed to alleviate Starkey's left-hip pain, Shybut referred Starkey back to Gallagher for a total left-hip replacement. Gallagher performed that surgery on Starkey in 2006.

{¶ 7} Gallagher testified that in his opinion, Starkey had degenerative osteoarthritis in his left hip; that the degenerative osteoarthritis had pre-existed his injury of September 11, 2003; and that it had been "directly aggravated by [his workplace] injury o[n] September 11[, 2003]." Gallagher testified that his opinion was consistent with Dr. Thomas Bender, Builders Firstsource's expert witness. During cross-examination, Gallagher was again asked whether Starkey's work-related injury had caused the degenerative osteoarthritis or whether it had aggravated it. Gallagher testified that Starkey's workplace injury had aggravated the degenerative osteoarthritis.

{¶ 8} At the conclusion of Starkey's evidence, Builders Firstsource moved for a directed verdict based upon the Ohio Supreme Court's decision in *Ward v. Kroger*.[2] It argued that because Starkey had applied to the Bureau of Workers' Compensation to allow his claim only for degenerative osteoarthritis of the left hip, he could not, for the first time in the trial court, seek to participate in the fund for aggravation of the pre-existing degenerative osteoarthritis, when that was a separate condition that Starkey had not raised before the bureau. The trial court overruled the motion for a directed verdict sub silencio when it ultimately entered judgment for Builders Firstsource on Starkey's workers' compensation claim for "the additional condition of degenerative osteoarthritis of the left hip." In its findings of fact and conclusions of law, the trial court stated that it felt compelled to follow this court's judgment in *Collins v. Conrad*,[3] which had been cited by the Second Appellate District in *Davidson v. Bur. of Workers' Comp*.[4] Starkey now appeals, raising a single assignment of error for our review.

---

2.  *Ward v. Kroger*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155.

3.  *Collins v. Conrad* (Nov. 15, 2006), 1st Dist. Nos. C–050829 and C–050865.

4.  *Davidson v. Bur. of Workers' Comp.*, 2d Dist. No. 21731, 2007-Ohio-792, 2007 WL 585774.

### III.   Starkey's Appeal

{¶ 9} In his sole assignment of error, Starkey argues that the trial court erred as a matter of law when it granted judgment to Builders Firstsource on his claim for degenerative osteoarthritis of the left hip.   Starkey contends that the trial court too narrowly interpreted the scope of an appeal under R.C. 4123.512. Starkey relies on a line of cases that were decided prior to the Ohio Supreme Court's decision in *Ward v. Kroger,* which hold that because aggravation is a theory of causation, a claimant need not raise the aggravation of an appealed condition administratively to raise it in an appeal pursuant to R.C. 4123.512.

{¶ 10} Builders Firstsource, on the other hand, relies on another line of cases that were decided after the Ohio Supreme Court's decision in *Ward v. Kroger.* These cases hold that a claim for the aggravation of a pre-existing condition and a claim for that same condition by way of direct causation are intrinsically two separate claims because they require different elements of proof.   Thus, claimants who do not raise the issue of aggravation administratively are precluded from raising that issue on appeal to the common pleas court under *Ward v. Kroger.*

### A.   Aggravation as a Theory of Causation

{¶ 11} Prior to the Ohio Supreme Court's decision in *Ward v. Kroger,* the Fifth, Sixth, Eighth, Tenth, and Eleventh Appellate Districts had held that a claimant could raise the aggravation of a pre-existing condition in an appeal under R.C. 4123.512, where the claimant had raised the direct causation of that same condition administratively, because the claimant was not seeking to prove a new or separate injury, but was merely advancing a new theory of causation.[5]   The reasoning was based on the de novo nature of an appeal under R.C. 4123.512. The courts acknowledged that such appeals were not error proceedings or even appeals upon questions of law and fact, but rather were governed by the issues as raised in the petition filed by the claimant and in the subsequent pleadings filed by the parties.[6]

{¶ 12} The trial court was then required to conduct a trial de novo to determine the right of the claimant to participate or to continue to participate in the fund. While that determination was informed by the evidence adduced before the

---

5.   See *McManus v. Eaton Corp.* (May 16, 1988), 5th Dist. No. CA–7346, 1988 WL 48598; *Clark v. Connor* (Nov. 23, 1984), 6th Dist. No. L–84–175, 1984 WL 14424; *Torres v. Gen. Motors Corp.* (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632; *Coventry v. AT & T Technologies, Inc.* (Sept. 25, 1986), 10th Dist. No. 86AP–313, 1986 WL 10755; *Maitland v. St. Anthony Hosp.* (Oct. 3, 1985), 10th Dist. No. 85 AP–301, 1985 WL 10455; *Bright v. EC Lyons* (Sept. 30, 1993), 11th Dist. No. 93–G–1753, 1993 WL 407361.

6.   See *Maitland,* supra.

Industrial Commission, neither party was limited to that evidence, but instead could present such evidence pertinent to the issues raised by the petition as was material and relevant to the issue of the right of the claimant to participate or to continue to participate in the fund.[7] Because only the claimant's theory of causation had changed at the common pleas level (i.e., aggravation of condition rather than direct causation), not the medical condition for which the claimant had sought participation before the Industrial Commission, the claimant was not precluded from seeking participation under this new theory.[8]

{¶ 13} In *Robinson v. AT & T Network Sys.*, the Tenth Appellate District extended the reasoning in these cases to a claimant who had failed to appeal the Industrial Commission's denial of an earlier claim for the allowance of degenerative disc disease.[9] The court held that the claimant was barred by res judicata from bringing a subsequent claim before the Bureau of Workers' Compensation for aggravation of degenerative disc disease,[10] because he was not advancing a new injury, but was merely litigating a variant of the initial causation theory.[11]

## B. *Ward v. Kroger*

{¶ 14} In *Ward v. Kroger*, the Ohio Supreme Court held that claimants may seek to participate in the Workers' Compensation Fund only for those conditions that have been addressed at the administrative level.[12] Therefore, a claimant in an appeal from a decision of the Industrial Commission may not amend a complaint at the common pleas level to add conditions that were not part of the administrative proceedings.[13] As a result, the Supreme Court concluded in the case before it that the common pleas court had exceeded its jurisdiction under R.C. 4123.512 when it permitted the claimant, who had sought to participate in the Workers' Compensation Fund for a medial meniscus tear and chondromalacia of the right knee, to amend his complaint to include two new conditions: aggravation of pre-existing degenerative joint disease and aggravation of pre-

---

7. Id.

8. Id.

9. *Robinson v. AT & T Network Sys.*, 10th Dist. No. 02AP–807, 2003-Ohio-1513, 2003 WL 1563856.

10. Id. at ¶ 10.

11. Id. at ¶ 16.

12. *Ward v. Kroger*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, syllabus.

13. Id.

existing osteoarthritis.[14]

{¶ 15} In so holding, the court resolved a conflict between Ohio's appellate districts.[15]  Previously, this district, along with the Third and Sixth Appellate Districts, had allowed a claimant to amend a complaint to add new and distinct conditions on appeal.[16]  The Fourth, Fifth, Seventh, Eighth, and Ninth Appellate Districts had reached the opposite conclusion, holding that claimants were precluded from litigating new or different conditions in the court of common pleas.[17]  The Ohio Supreme Court agreed with the latter courts' interpretation, holding that permitting a claimant to amend a complaint to add new or distinct conditions on appeal would usurp the Industrial Commission's authority and would cast the common pleas court "in the role of a claims processor." [18]

{¶ 16} The claimant in *Ward* had argued that he was required under the Tenth Appellate District's decision in *Robinson v. AT & T Network Sys.*[19] to "litigate all issues relating to the same body part in one proceeding or trial." [20]  Thus, it was imperative that he include the aggravated conditions in his appeal, or res judicata would bar him from later raising those claims administratively.[21]  The Ohio Supreme Court disagreed.[22]

{¶ 17} It held that the holding in *Robinson* was distinguishable because the claimant in that case had sought the administrative allowance of an additional claim for the same injury to the same body part, but on a different theory of recovery.[23]  The claimant in *Ward*, however, had originally sought to participate for one condition and had then sought to add two new and distinct conditions on appeal.[24]  Thus, the Supreme Court held that nothing in *Robinson* prevented the

---

14.  Id. at ¶ 1–5 and ¶ 15.

15.  Id. at ¶ 7.

16.  Id.

17.  Id. at ¶ 8.

18.  Id. at ¶ 10.

19.  *Robinson v. AT & T Network Sys.*, 2003-Ohio-1513, 2003 WL 1563856.

20.  Id. at ¶ 13.

21.  Id.

22.  Id. at ¶ 15.

23.  Id.

24.  Id.

claimant in *Ward* "from going back to the administrative agencies and requesting" the allowance of these two additional conditions.[25]

{¶ 18} The Supreme Court limited *Robinson* "to the situation in which a claimant obtains an allowance of a particular claim for a particular body part, does not appeal the order to the common pleas court, and then seeks the administrative allowance of an additional claim for the same injury to the same body part, but on a different theory."[26] The court specifically stated, however, that it was not addressing "whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that [same] condition for purposes of either R.C. 4123.512 or res judicata."[27]

## C. Aggravation of a Condition as a Separate Condition

{¶ 19} Following *Ward*, the Second Appellate District in *Davidson v. Bur. of Workers' Comp.* held that "a claim for aggravation of a pre-existing condition not previously adjudicated by the commission is not appealable at the trial court level," even where direct causation of the condition itself had been addressed administratively, because the direct causation of an injury and the aggravation of that same injury are intrinsically two separate conditions.[28] The claimant in *Davidson* had argued under *Robinson* that his claim to participate in the Workers' Compensation Fund for a lumbar sprain "inherently included a request for the condition of aggravation of a pre-existing lumbar sprain."[29] Thus, he argued that the trial court had erred by failing to adopt his proposed jury instruction and verdict form for aggravation of a pre-existing lumbar strain.[30]

{¶ 20} The Second Appellate District disagreed. While acknowledging that "the Ohio Supreme Court [had] explicitly chose[n] not to address this issue in its review of *Robinson*," the Second Appellate District nonetheless held that under *Ward*, a claim for aggravation of a pre-existing condition not previously adjudicated by the Industrial Commission cannot be raised at the trial-court level.[31] In viewing the aggravation of an injury as a separate condition from an injury by

---

25. Id.

26. Id. at ¶ 14.

27. Id. at fn. 1.

28. *Davidson v. Bur. of Workers' Comp.*, 2d Dist. No. 21731, 2007-Ohio-792, 2007 WL 585774, at ¶ 12, 30.

29. Id. at ¶ 13–14.

30. Id. at ¶ 10.

31. Id. at ¶ 27.

way of direct causation, the Second Appellate District focused solely on the evidence a claimant must present to advance such a claim.[32]

{¶ 21} The court noted that claimants who argue a direct injury as the result of a workplace accident "must show that a direct or proximate causal relationship existed between the claimant's accidental injury and his or her harm."[33] But claimants who argue that a pre-existing condition has been aggravated by a workplace injury must show that the " 'aggravation had an impact on a person's bodily functions or affected an individual's ability to function or work.' "[34] The court further noted that the "aggravation of a pre-existing condition can be demonstrated 'through symptoms, debilitating effects, or physiological changes not due to the normal progression of the condition.' "[35] The court then concluded that "[t]o presume that the commission will consider the evidence in light of both types of conditions, regardless of the type of claim made, is too broad an interpretation of the commission's role."[36]

{¶ 22} The Second Appellate District cited this court's judgment entry in *Collins v. Conrad* as instructive.[37] In that case, we had "found that the employee's jury instruction addressing an aggravation of her claimed condition was not a correct statement of law where the original claim to participate in the Workers' Compensation Fund only sought allowance for conditions directly caused by her injury."[38] We held that "*Ward* preclude[d] claimants from seeking to participate in the Workers' Compensation Fund for conditions not addressed in the administrative order from which the appeal to the common pleas court was taken."[39] Thus, we held that "the trial court [ha]d not abuse[d] its discretion in refusing to submit the claimant's instruction."[40]

{¶ 23} In *Plotner v. Family Dollar Stores,* the Sixth Appellate District "recognize[d] that a workers' compensation claim for any given condition does not

32. Id. at ¶ 28.

33. Id.

34. (Citations omitted.)  Id., quoting *Gower v. Conrad* (2001), 146 Ohio App.3d 200, 204, 765 N.E.2d 905.

35. Id.

36. Id.

37. Id. at ¶ 27, fn. 1.

38. Id.

39. Id.

40. Id.

include a claim for aggravation of that condition, and vice-versa" and cited *Davidson* with approval.[41] The court, however, found *Davidson* to be factually distinguishable from the case before it.[42] The court held that because the employee's claim, although inartfully drafted, had included a claim for the aggravation of a pre-existing condition, and because there was ample evidence before the court to support the employee's claim for aggravation of the pre-existing condition, the trial court had not erred in failing to grant a directed verdict to the employer on the employee's claim for aggravation of the pre-existing condition.[43]

{¶ 24} Similarly, in *Plaster v. Elbeco*, the Third Appellate District acknowledged the Second Appellate District's holding in *Davidson*, but nonetheless concluded that *Davidson* did not apply to the facts before it, because the employee had not argued the aggravation of the condition claimed, but had merely sought to prove the claimed condition, a herniated disc, by showing the aggravation of degenerative disc disease.[44] Thus, the Third Appellate District held that the trial court had not erred in instructing the jury on the theory of aggravation when the evidence in the case supported such an instruction.[45]

### D. Analysis of Arguments in this Appeal

{¶ 25} Starkey first argues that the trial court erred as a matter of law in relying upon our decision in *Collins*, which was cited by the Second Appellate District in *Davidson*. We agree. *Collins* is a judgment entry, and as such, it has no precedential value beyond the parties in that case.[46] As a result, the analysis and reasoning in *Collins* is not binding upon this court in the current appeal.

{¶ 26} We disagree with Starkey, however, that the outcome of his case is controlled by *Robinson*. Starkey argues that under *Robinson*, he was required to raise all possible theories of causation for the injury of degenerative osteoarthritis of his left hip on appeal to the common pleas court, or res judicata would have precluded him from later bringing a claim on that issue. But in *Ward*, the Ohio Supreme Court explicitly limited *Robinson* "to the situation in which a claimant obtains an allowance of a particular claim for a particular body part,

---

41. *Plotner v. Family Dollar Stores*, 6th Dist. No. L–07–1287, 2008-Ohio-4035, 2008 WL 3198710, at ¶ 29.

42. Id. at ¶ 30.

43. Id. ¶ 26–34.

44. 3d Dist. No. 3–07–06, 2007-Ohio-5623, 2007 WL 3052773, at ¶ 15.

45. Id. at ¶ 21.

46. See S.Ct.R.Rep.Op. 3(A), App.R. 11.1(E), and Loc.R. 12.

does not appeal the order to the common pleas court, and then seeks the administrative allowance of an additional claim for the same injury to the same body part, but on a different theory."[47]   Because Starkey raised the issue of his participation in the Workers' Compensation Fund for the condition of aggravation of pre-existing degenerative osteoarthritis of the left hip on appeal to the common pleas court, *Robinson* is factually inapposite.[48]

{¶ 27} Thus, in the absence of a definitive statement by the Ohio Supreme Court on this issue, we are left to determine which line of cases is better reasoned:  the one marked by *McManus v. Eaton Corp.*, or the one marked by *Davidson v. Bur. of Workers' Comp.* Builders Firstsource argues that the line of cases Starkey relies upon is no longer good law following *Ward.* But as Starkey points out, the reasoning in these cases is not inconsistent with the Ohio Supreme Court's decision in *Ward.* These courts, like *Ward*, had held that the scope of an appeal under R.C. 4123.512 as a trial de novo meant only that new evidence could be presented with regard to the appealed condition, not that evidence of a new condition could be presented for the first time on appeal.[49]   Thus, we agree with Starkey that nothing in these cases conflicts with the *Ward* court's interpretation of the scope of an appeal under R.C. 4123.512.

{¶ 28} Furthermore, as Starkey points out, R.C. 4123.01, in defining an injury, does not prescribe how the causal link is to be made between the work-related event and the employee's injury.  Ohio courts have ruled that workers can be injured in various ways, including by direct causation, aggravation of a pre-existing condition, flow-through, a secondary condition, or acceleration.[50]   In *Ward*, the Ohio Supreme Court clarified that a workers' compensation claim simply seeks the recognition of the employee's right to participate in the fund for a specific injury or medical condition that is defined narrowly, and that it is only for that condition, as set forth in the claim, that compensation and benefits under the act may be provided.[51]   The court explicitly stated that it was not determining

---

**47.**   *Ward,* 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶ 14.

**48.**   See *Plaster,* 2007-Ohio-5623, 2007 WL 3052773, at ¶ 13.

**49.**   See *Torres v. Gen. Motors Corp.* (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632; *McManus v. Eaton Corp.* (May 16, 1998), 5th Dist. No. CA–7346, 1988 WL 48598; *Maitland v. St. Anthony Hosp.* (Oct. 3, 1985), 10th Dist. No. 85AP–301, 1985 WL 10455.

**50.**   *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1 (direct causation); *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920 (aggravation); *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207 (flow-through or secondary condition); *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 16 OBR 520, 476 N.E.2d 658 (acceleration).

**51.**   *Ward,* 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶ 10.

any issues related to the causation of the injury or condition.[52]

{¶ 29} In this case, Starkey sought to participate in the Workers' Compensation Fund for the additional condition of "degenerative osteoarthritis of the left hip." The Industrial Commission held that he was entitled to workers' compensation benefits for this condition. On appeal to the common pleas court, his argument involved that same medical condition. The only thing that changed was the method of causation. The trial court, however, assumed that because the Industrial Commission's order referred to Starkey's medical condition without any modifiers, his claim had involved only direct causation. But there are no statutes, rules, administrative code sections, or cases, aside from *Davidson*, that create a presumption that a condition identified by the Industrial Commission has automatically arisen by direct causation unless otherwise stated in the order.

{¶ 30} Moreover, the Second Appellate District's statement in *Davidson* that it could not presume "that the commission will consider the evidence in light of both types of conditions, regardless of the type of claim made, is too broad an interpretation of the commission's role"[53] is at direct odds with Industrial Commission Hearing Officer Manual Memo S–11, which explicitly provides that "a request to allow a condition in a claim is to be broadly construed to cover theories of causation."

{¶ 31} Finally, we agree with Starkey that the underpinnings of the Ohio Supreme Court's decision in *Ward* are not implicated here. Medical evidence and testimony were presented administratively by both parties on Starkey's medical condition of "degenerative osteoarthritis of the left hip." On appeal to the common pleas court, Dr. Gallagher, Starkey's expert witness, acknowledged that his opinion that Starkey had degenerative osteoarthritis in his left hip; that the degenerative osteoarthritis had pre-existed his injury of September 11, 2003; and that it had been "directly aggravated by [his workplace] injury o[n] September 11[, 2003]," was consistent with the opinion of Builders Firstsource's expert, Dr. Thomas Bender. Thus, there was no ambush by Starkey's counsel in this case.

{¶ 32} For all of these reasons, we sustain Starkey's assignment of error and reverse the trial court's decision. Based upon the undisputed evidence presented at trial, we enter judgment for Starkey and order that he is entitled to participate in the Workers' Compensation Fund for the additional condition of degenerative osteoarthritis of the left hip. Furthermore, we would be inclined to entertain a

---

52. Id. at ¶ 15, fn. 1.

53. Id.

motion to certify our judgment as being in conflict with the Second and Sixth Appellate Districts, should the parties choose that course of action.

Judgment accordingly.

HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.