[Cite as *State v. Chinn*, 2017-Ohio-4408.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-602 |
| v. | : | (C.P.C. No. 15CR-3416) |
| Angelo R. Chinn, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 20, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Barnhart Law Office LLC,* and *Robert B. Barnhart,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} A jury convicted defendant-appellant, Angelo R. Chinn, of felonious assault under R.C. 2903.11 and attempted murder under R.C. 2903.11, both with firearm, drive-by, and repeat offender specifications. Chinn appeals, arguing that the trial court erred by failing to include the jury instruction he requested. For the reasons set forth below, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} A grand jury indicted Chinn on July 14, 2015, on one count of felonious assault under R.C. 2903.11 and one count of attempted murder under R.C. 2923.02. Because the indictment alleged that Chinn had committed the offenses by discharging a firearm from a vehicle and had previous violent felony convictions, the counts carried firearm specifications under R.C. 2941.145(A), drive-by shooting specifications under

R.C. 2941.146(A), and repeat violent offender specifications under R.C. 2941.149(A). (July 14, 2015 Indictment.)

{¶ 3} Trial commenced on June 20, 2016. The prosecution's first witness was Phyllis Regina James-Amir, who had met Chinn at their place of employment and began a relationship with him. (Tr. at 32-34.) James-Amir testified that she had been sleeping in her car at her place of employment before her shift on the night of July 4, 2015, when Chinn approached and began pounding on the car window. (Tr. at 42-44.) She started the car and as she began to drive away, Chinn tried to stop her by placing his hands on the hood of the car. (Tr. at 45-46.) Chinn got in his car and followed her at a high speed and James-Amir tried to evade him. (Tr. at 45-47.) Suddenly her car window blew out after a sound like a tire blowing out, and Chinn sped away. (Tr. at 47-49.) She realized that Chinn had fired a weapon at her. James-Amir pulled her car into a strip mall and called 911. (Tr. at 49-50.)

{¶ 4} Officer Zachary West responded to the 911 call. (Tr. at 80.) He testified that James-Amir was shaken and frightened, and had to be escorted out of her vehicle. He stated that "the driver's side window was shattered completely out." (Tr. at 81.)

{¶ 5} Detective Ronald Lemon testified that he arrested Chinn at his mother's house. (Tr. at 99.) He described the gun used in the incident to Chinn's mother, who said that she owned a gun fitting the description. (Tr. at 100-01.) After Chinn's mother consented to a search of the home, she took Detective Lemon to where the gun was stored in her bedroom. (Tr. at 102-03.) The gun had one spent shell casing and one live round inside. (Tr. at 105.) During an interview after Chinn's arrest, he told Detective Lemon that the shooting was an accident and that he had not intended to harm James-Amir. (Tr. at 129.)

{¶ 6} Erica Pattie testified as a forensic firearms expert. (Tr. at 158.) She testified that the gun in question, a Derringer pistol, had to be fully cocked after loading and have the safety off before it would discharge. (Tr. at 163-64.) On cross-examination, she stated that it would be possible for the weapon to be accidentally discharged. (Tr. at 167.)

{¶ 7} Before jury deliberations, Chinn's attorney proposed a jury instruction with the following definition of "accident": "An accident is a mere physical happening or event

and not reasonably foreseen as a natural result of an unlawful act." (Tr. at 142.) The trial court overruled the request to include the instruction. (Tr. at 150.)

{¶ 8} The jury returned a guilty verdict on the felonious assault and attempted murder charges, as well as the firearm and drive-by shooting specifications for those offenses. (Tr. at 229-30.) The trial court separately convicted Chinn of the repeat offender specification. (Tr. at 234.) After merging the offenses, the trial court sentenced Chinn to a total of 25 years imprisonment. (Aug. 25, 2015 Jgmt. Entry.)

{¶ 9} Chinn appeals and asserts the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE APPELLANT'S REQUESTED JURY INSTRUCTION.

## II. ANALYSIS

{¶ 10} We review a trial court's refusal to provide a requested jury instruction for an abuse of discretion, in light of "the facts and circumstances of the case." *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989).

{¶ 11} Chinn argues that he was entitled to have the jury instruction his attorney requested given to the jury because "his only available defense was that the shooting was an accident and thus, the State could not meet the mens rea requirement for both of the felonies with which the appellant was charged." (Appellant's Brief at 4-5.)

{¶ 12} "After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 208 (1990), paragraph two of the syllabus. This court employs "a three-part test to determine when failing to give a requested instruction constitutes reversible error: (1) the requested instruction must be a correct statement of the law; (2) the requested instruction must not be redundant of other instructions; and (3) failure to give the requested instruction must have impaired the requesting party's theory of the case." *State v. Dodson*, 10th Dist. No. 10AP-603, 2011-Ohio-1092, ¶ 6, citing *Gower v. Conrad*, 146 Ohio App.3d 200, 203 (10th Dist.2001).

{¶ 13} Chinn's argument fails at the first step of the test. The jury instruction his attorney proposed was not a correct statement of the law. Chapter 421.01 of the Ohio Jury Instructions defines "accident" as follows:

> An accident is a mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act.

{¶ 14} Here, however, Chinn's attorney requested that the phrase "lawful act" in the foregoing language be changed to "unlawful act." (Tr. at 142.) The trial court correctly pointed out when denying the request that "pointing a gun during a high speed chase" does not "fit[] that sentence." (Tr. at 150.) Because there was no "lawful act" that Chinn was involved in at the time he committed the offenses in question, the requested change was irrelevant and could have confused the jury. *See Comen* at 208 (requiring "relevant jury instructions" that are "necessary for the jury to weigh the evidence and discharge its duty as the fact finder.").

{¶ 15} Furthermore, the trial court's refusal to give the instruction did not impair Chinn's theory of the case. *Dodson* at ¶ 6. Chinn's theory of defense was that the state did not meet its mens rea requirement on the charges. His statement to Detective Lemon that he did not intend to fire the weapon was before the jury. Furthermore, his attorney developed his theory of accidental discharge of the gun during closing argument, using the testimony of the prosecution's forensic expert to bolster his theory of accidental discharge. (Tr. at 193-94) He also pointed out that only one of the two bullets in the gun had been fired and that he did not try to hide the gun after the incident. *Id.* Thus, the jury had the opportunity to consider what Chinn admits was "his only available defense." (Appellant's Brief at 4-5.) The addition of a legally incorrect jury instruction would not have helped. The trial court did not err in rejecting the proposed instruction.

{¶ 16} For the foregoing reasons, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————