**HAUSCH, Appellant,**

v.

**ALSIDE, INC. et al., Appellees.**

[Cite as *Hausch v. Alside, Inc.* (1998), 129 Ohio App.3d 362.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2730–M.

Decided Aug. 12, 1998.

*Crede Calhoun,* for appellant.

*Mario Gaitanos,* for appellee Alside, Inc.

*Betty Montgomery*, Attorney General, and *Q. Albert Corsi*, Assistant Attorney General, for appellees Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.

---

REECE, Judge.

Appellant Barbara Hausch appeals from the judgment of the Medina County Court of Common Pleas in a workers' compensation appeal. We affirm.

Hausch was employed by appellee Alside, Inc. ("Employer") as a sales assistant. On May 21, 1985, Hausch sustained an injury to her back while working. She filed a workers' compensation claim that was granted for "herniated L–5 disc left." After an appeal by Employer was denied by the Industrial Commission, Employer appealed to the Medina County Court of Common Pleas for trial *de novo*. In response, Hausch filed a complaint on January 8, 1996, and Employer answered. On May 1, 1997, after discovery, Hausch moved to amend her complaint to allow the trial court to hear evidence of additional injuries to her back that were not the subject of the claim heard by the Industrial Commission. Employer responded in opposition to the motion. On May 13, 1997, the trial court denied Hausch's motion to amend her complaint. The matter was resolved on the merits on June 27, 1997, in favor of Employer. Hausch now appeals to this court.

Hausch asserts one assignment of error:

"It was error for the trial court, in this workers' compensation appeal, to deny the claimant leave to file an amended complaint placing in issue new conditions for the same part of the body on the ground that they had never previously been presented to the Industrial Commission for its consideration."

Hausch argues that the trial court erred by denying her motion to amend her complaint. We disagree.

 A trial court's decision denying leave to amend a pleading will not be reversed absent an abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624–625. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 751.

In *Blake v. Mihm* (Aug. 23, 1995), Summit App. No. 17043, unreported, 1995 WL 499782, a workers' compensation claim was appealed to the common pleas court by the employer. The claimant sought to present evidence of injury claims not presented to the Industrial Commission, and the trial court refused to hear

the evidence. We held that the trial court did not err. "Although the common pleas court has the authority to conduct a *de novo* review, the issue decided by the industrial commission was the only issue properly before it." *Id.* at 3.

█ Hausch acknowledges *Blake* but asks us to revisit the issue and follow the reasoning of the First District Court of Appeals in *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165. We decline Hausch's invitation and adhere to our holding in *Blake*. Because Hausch's amended complaint sought to introduce issues that were not before the Industrial Commission when it heard Hausch's claim, the trial court did not abuse its discretion by denying her leave to amend her complaint. Hausch's sole assignment of error is overruled.

Hausch's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SLABY, P.J., and CARR, J., concur.