OPINION
{¶ 1} Appellant, Clifford Davidson, appeals from the judgment of the *Page 2 
Montgomery County Common Pleas Court in an action for workers' compensation benefits brought pursuant to R.C. 4123.512. The judgment was entered on the verdict of a jury that Davidson was entitled to participate in the benefits of the Ohio Workers' Compensation Fund for the conditions of lateral tibial plateau chondral defect right knee and aggravation of pre-existing chondral defect of middle patella facet right knee, but not for the condition of lumbar sprain.
 {¶ 2} The record indicates that Davidson was injured on September 30, 2002, during the course of his employment with Appellee, Behr Dayton Thermal Products, LLC ("Behr"). A forklift struck a cart that Davidson was pushing, which caused the cart to throw Davidson to the ground and injure his head and right knee. As a result of the accident, Davidson filed a claim for benefits with Appellee, Ohio Bureau of Workers' Compensation ("BWC"). Davidson's claim was allowed for the conditions of right contusion of knee and contusion of scalp.
 {¶ 3} On February 25, 2003, Davidson filed a motion to amend his claim with the BWC and include the condition of lumbar sprain. Pursuant to the procedures established in R.C. 4123.511, this motion was denied by both the BWC and the Industrial Commission of Ohio ("commission"). Davidson subsequently filed a notice of appeal and complaint in the common pleas court under R.C. 4123.512 seeking coverage for "the additional condition `lumbar sprain' and for any and all additional conditions whether on a direct cause basis, flow through basis, and/or aggravation or acceleration basis." (Compl. at ¶ 9.)
 {¶ 4} On May 28, 2004, Davidson filed another motion to amend his claim with the BWC, attempting benefits coverage for the additional conditions of lateral tibial plateau defect right knee and aggravation of pre-existing chondral defect of the middle patella facet *Page 3 
right knee. Again, this motion was denied by the BWC and the commission. Consequently, Davidson filed a notice of appeal and complaint in the common pleas court seeking coverage for these injuries.
 {¶ 5} Both cases were consolidated in the common pleas court, and a jury trial before a magistrate was scheduled for February 6, 2006. Davidson submitted the following proposed jury instruction:
 {¶ 6} "There is no question between the parties that Clifford Davidson did sustain an injury in the course of and arising out of his employment with Behr Dayton Thermal Products on September 30, 2002. He has already been found to be entitled to participate in the Workers' Compensation fund in claim no. 02-464993 for the conditions of `contusion of the right knee and contusion of scalp (head)' as a result of that injury. The issues for you to decide is [sic] whether the additional conditions of `aggravation of pre-existing lumbar sprain', and `right knee chondral defect of the lateral tibial plateau' and `aggravation of pre-existing right knee chondral defect of the middle patella facet' also occurred as a direct and proximate result of his injury in the course of and arising out of his employment with Behr Dayton Thermal Products on September 30, 2002."
 {¶ 7} Davidson also submitted the following proposed verdict form:
 {¶ 8} "We, the jury, find that the Plaintiff, Clifford Davidson, ___ (is or is not) entitled to additionally participate in workers' compensation fund for the condition of `aggravation of pre-existing lumbar sprain' in the claim # 02-464993."
 {¶ 9} The magistrate refused to adopt Davidson's proposed jury instruction and verdict form. Upon completion of the trial, the jury returned a verdict finding that Davidson was entitled to participate in the Ohio Workers' Compensation Fund for the conditions of *Page 4 
lateral tibial plateau chondral defect right knee and aggravation of pre-existing chondral defect of middle patella facet right knee arising out of his injury on September 30, 2002. However, the jury also returned a verdict finding that Davidson was not entitled to benefits for the condition of lumbar sprain. A judgment entry was filed on July 13, 2006, ordering that Davidson be allowed to participate in the Ohio Workers' Compensation Fund for the conditions of lateral tibial plateau chondral defect right knee and aggravation of pre-existing chondral defect of middle patella facet right knee, but not for the condition of lumbar sprain.
 {¶ 10} Davidson now appeals the trial court's judgment and presents one issue for review, which we shall consider as his single assignment of error: "[Whether] the trial court err[ed] to the prejudice of the appellant by failing to adopt his proposed jury instruction and verdict form for an aggravation of a pre-existing lumbar sprain."
 I {¶ 11} Davidson's assignment of error is founded on the trial court having committed reversible error in refusing to adopt his proposed jury instruction and verdict form. This court has established a two-prong test that the proponent of an alleged instructional error must make to demonstrate that there has been a reversible error. Jaworowski v. Med.Radiation Consultants (1991), 71 Ohio App.3d 320, 327, 594 N.E.2d 9. First, the proponent of the error must show that the trial court's refusal to give a proposed jury instruction was an abuse of discretion. Id. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Second, the proponent must demonstrate that he was prejudiced by the court's refusal to give the proposed instruction. *Page 5 Jaworowski, 71 Ohio App.3d at 327. A party is prejudiced when the refusal to adopt a proposed jury instruction "cripples the entire jury charge." Id. at 328 (citations omitted).
 {¶ 12} Upon review of the record, we find that the trial court did not abuse its discretion in refusing to adopt Davidson's proposed jury instruction and verdict form. Aggravation of a pre-existing condition of lumbar sprain is an additional condition that should have been addressed at the administrative level preceding Davidson's appeal to the court of common pleas. Accordingly, the judgment of the trial court will be affirmed.
 II {¶ 13} Under his single assignment of error, Davidson contends that his initial amended claim adding lumbar sprain to his list of conditions for which he sought participation in the workers' compensation fund inherently included a request for the condition of aggravation of a pre-existing lumbar sprain. Therefore, Davidson argues that an appeal of the original claim to the trial court affords him the opportunity to present an alternative theory of causation: 1) the accident directly caused the lumbar sprain; or 2) the accident aggravated his pre-existing lumbar sprain. According to Davidson, the trial court committed reversible error when it denied him this opportunity by refusing to adopt his proposed jury instruction and verdict form including the condition of aggravation of a pre-existing lumbar sprain. We do not agree.
 {¶ 14} In support of his argument, Davidson cites to Robinson v. AT T Network Systems, Franklin App. No. 02AP-807, 2003-Ohio-1513. InRobinson, the Industrial Commission of Ohio ("commission") allowed an employee's original claim to participate in the Workers' Compensation Fund for the condition of "disc herniation L4-5 and L5-S1." Id. *Page 6 
at ¶ 2. The employee subsequently filed a motion requesting additional allowances for "post laminectomy syndrome and post-traumatic degenerative disc disease ('DDD')." Id. at ¶ 3. The additional allowance for DDD was denied by a district hearing officer and a staff hearing officer of the commission; thus, this motion became a final appealable order. Id. at ¶ 3-4. At that time, however, the employee did not appeal the commission's decision to the common pleas court. Id. at ¶ 4.
 {¶ 15} Approximately three months later, the employee filed another motion to amend his compensation claim, seeking to add aggravation of pre-existing DDD at L4-5 and L5-S1. Id. at ¶ 5. A district hearing officer of the commission allowed the amendment, and this decision was affirmed by a staff hearing officer. Id. The employer appealed the decision to the commission, who refused to take further action. Id. Consequently, the employer appealed the decision to the common pleas court pursuant to R.C. 4123.512. Id. at ¶ 6.
 {¶ 16} The employee responded by filing a complaint demanding summary judgment against the employer and requesting permission to participate in the Workers' Compensation Fund for the aggravation of pre-existing DDD. Id. The employer, also, moved for summary judgment, asserting that the employee's claim seeking coverage for pre-existing DDD was barred by res judicata because he failed to file an appeal with the common pleas court following the commission's denial of his motion to amend. Id. The trial court found that the commission's decision was a non-appealable order and dismissed the appeal for lack of subject matter jurisdiction. Id. at ¶ 7. The court of appeals disagreed and remanded the case for further consideration. Id.
 {¶ 17} On remand, the trial court rendered summary judgment in favor of the *Page 7 
employee. Id. at ¶ 9. The court found that the issues pertaining to each of the employee's workers' compensation claims were "not sufficiently identical to invoke res judicata" because "the facts necessary to establish a direct causation injury differed from those necessary to establish an aggravation injury." Id.
 {¶ 18} The Tenth District Court of Appeals reversed the trial court's decision, finding that the employee forfeited his opportunity to litigate the additional allowance of pre-existing DDD because he failed to appeal the commission's decision to the common pleas court. Id. at ¶ 19. Had he done so, the court stated that the employee would have been permitted to present an alternative theory of causation: "(1) the accident directly caused DDD at L4-5, L5-S1, or (2) the accident aggravated his pre-existing DDD at L4-5, L5-S1." Id. at ¶ 17.
 {¶ 19} In reaching its decision, the court focused on what it termed the "unique nature of an R.C. 4123.512 appeal." Id. at ¶ 15. According to the court, because an appeal pursuant to R.C. 4123.512 is a de novo determination of both facts and law, the fundamental question in the employee's claim was "whether he should be permitted to participate in the workers' compensation fund for the specific injury of DDD as that injury relates to his employment." Id. at ¶ 17. Thus, a material and relevant issue that could be raised was whether the accident directly caused the employee's DDD or aggravated a pre-existing condition. Id. at ¶ 16. However, by failing to appeal the commission's decision from the administrative level, the appellate court found that the principles of res judicata prevented the employee from raising this alternative theory at the trial court level. Id.
 {¶ 20} The Ohio Supreme Court addressed a different employee's claim made pursuant to Robinson in Ward v. Kroger Co., 106 Ohio St.3d 35,2005-Ohio-3560, *Page 8 830 N.E.2d 1155. There, the employee filed a claim to participate in the Workers' Compensation Fund for the conditions of right knee sprain and medial meniscus tear and chondromalacia of the right knee. Id. at ¶ 1. The commission denied the claim for medial meniscus tear and chondromalacia of the right knee. Id. The employee appealed the commission's decision to the common pleas court, but subsequently moved to amend his complaint to add the conditions of aggravation of pre-existing degenerative joint disease and aggravation of pre-existing osteoarthritis. Id. ¶ 2. The trial court granted the motion, and the case proceeded to a jury trial. Id.
 {¶ 21} The jury found against the employee for the originally claimed condition, but found in his favor for the amended claims of aggravation of pre-existing degenerative joint disease and aggravation of pre-existing osteoarthritis. Id. at ¶ 3. The employer appealed.
 {¶ 22} The court of appeals reversed the trial court's judgment, finding that the scope of a trial court in an appeal under R.C. 4123.512
is limited to the condition ruled upon at the administrative level. Id. at ¶ 4.
 {¶ 23} Upon a discretionary appeal to the Ohio Supreme Court, the employee argued that, under the holding in Robinson, a claimant was required to "`litigate all issues relating to the same body part in one proceeding or trial.'" Id. at ¶ 13. Thus, the employee asserted that it was imperative under Robinson to include his claim for aggravation conditions in his appeal to the common pleas court. Id.
 {¶ 24} The Supreme Court disagreed. The court distinguished the holding in Robinson by noting that the claimant there sought allowance to add an aggravation of the same condition as he had originally claimed was directly caused by his accident. Id. at ¶ 14. In other words, the claimant in Robinson sought "the administrative allowance of an *Page 9 
additional claim for the same injury to the same body part, but on a different theory." Id. In Ward, on the other hand, the employee sought to participate in the Workers' Compensation Fund under his original claim for a condition different from the one added on appeal. Id. at ¶ 15. According to the court, because Robinson was inapplicable, the employee would be permitted to amend his original workers' compensation claim at the administrative level to include the additional conditions. Id.
 {¶ 25} The Supreme Court utilized its decision in Ward to address the nature of an appeal brought under R.C. 4123.512. Specifically, it reviewed the issue of "whether the scope of an R.C. 4123.512 appeal is limited to the medical conditions addressed in the order from which the appeal is taken." Id. at ¶ 6. According to the court, "[t]he requirement that workers' compensation claims be presented in the first instance for administrative determination is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act. Under R.C. 4123.512(A), `[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * * .' To this extent, the statute clearly contemplates the general nonappealability of commission orders and, in the case of claims for initial allowance, withholding judicial review until after the claim runs the gamut of successive administrative hearings provided for under R.C. 4123.511.
 {¶ 26} "Allowing considerations of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of claims processor. * * * The grant or denial of the right to participate for *Page 10 
one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident. But any such claim must be initiated before the Industrial Commission." Id. at ¶ 9-10.
 {¶ 27} In the appeal before this court, the issue is whether Davidson's workers' compensation claim for lumbar sprain by way of direct causation must necessarily include a claim for aggravation of lumbar sprain for purposes of either R.C. 4123.512 or res judicata. The Ohio Supreme Court explicitly chose not to address this issue in its review of Robinson, having found the facts of that case distinguishable from the facts in Ward. See Ward, 106 Ohio St.3d at ¶ 15, fn. 1. Based on the Supreme Court's opinion in Ward, however, we find that a claim for an aggravation of a pre-existing condition not previously adjudicated by the commission is not appealable at the trial court level.[1]
 {¶ 28} Davidson urges this court to presume that his claim to participate in the Workers' Compensation Fund for lumbar sprain inherently includes a claim for aggravation of pre-existing lumbar sprain. Therefore, adjudication of the request for one condition would equate to an adjudication for the other condition. We disagree. Intrinsically, these are two separate conditions. To demonstrate that a direct injury is the result of the *Page 11 
accident raising the need to participate in the Workers' Compensation Fund, the evidence must show that a direct or proximate causal relationship existed between the claimant's accidental injury and his or her harm. Wasil et al., Ohio Workers' Compensation Law (2005) 445, Section 7:57. This is different from the evidence showing that a pre-existing condition has been aggravated. In such a case, "`the key is whether the aggravation had an impact on a person's bodily functions or affected an individual's ability to function or work.'" Gower v.Conrad (2001), 146 Ohio App.3d 200, 204, 765 N.E.2d 905 (citation omitted). Aggravation of a pre-existing condition can be demonstrated "through symptoms, debilitating effects, or physiological changes not due to the normal progression of the [condition]." Id. To presume that the commission will consider the evidence in light of both types of conditions, regardless of the type of claim made, is too broad an interpretation of the commission's role.
 {¶ 29} The procedure for appeals under R.C. 4123.512 "provides a mechanism for judicial review, not for amendment of administrative claims at the judicial level." Ward, 106 Ohio St.3d at ¶ 11. The industrial commission has been given the authority to adjudicate claims for specific injuries or medical conditions, including claims for aggravation of pre-existing conditions. Each separate claim will only be subject to judicial review after it has proceeded through the administrative process. See id. Therefore, Davidson's claim for the right to participate in the Workers' Compensation Fund was inappropriately brought at the judicial level; however, he is entitled to present his aggravation claim to the industrial commission unless a reason outside of the scope of this appeal exists.
 {¶ 30} In conclusion, we find that the trial court did not abuse its discretion in refusing to adopt Davidson's proposed jury instruction and verdict form. The proposed jury *Page 12 
instruction was not a correct statement of the law, where the additional claim for aggravation of the pre-existing condition of lumbar sprain was improperly raised before the trial court. Such claim for an additional allowance must be considered at the administrative level. Having found that the trial court did not abuse its discretion, it is not necessary to determine whether Davidson was prejudiced by the trial court's refusal to submit the proposed instruction. Accordingly, Davidson's assignment of error is overruled, and the judgment of the trial court is affirmed. Judgment affirmed.
FAIN and GRADY, JJ., concur.
[1] Although not an opinion of the court pursuant to S.CT.R.Rep.Op. 3(A), we find the First District's judgment in Collins v. Conrad (Nov. 15, 2006), Hamilton App. No. C-050829 and C-050865, instructive on this issue. There, the court found that the employee's jury instruction addressing an aggravation of her claimed condition was not a correct statement of law where the original claim to participate in the Workers' Compensation Fund only sought allowance for conditions directly caused by her injury. Id. at 5-6. According to the court of appeals,Ward precludes claimants from seeking to participate in the Workers' Compensation Fund for conditions not addressed in the administrative order from which the appeal to the common pleas court was taken. Id. at 5. Thus, the trial court did not abuse its discretion in refusing to submit the claimant's instruction. Id. at 6. *Page 1