[Cite as *Starkey v. Builders FirstSource Ohio Valley, L.L.C.,* 130 Ohio St.3d 114, 2011-Ohio-3278.]

STARKEY, APPELLEE, *v.* BUILDERS FIRSTSOURCE OHIO VALLEY, L.L.C.,

APPELLANT; BUEHRER, ADMR., APPELLEE.

[Cite as *Starkey v. Builders FirstSource Ohio Valley, L.L.C.,*

**130 Ohio St.3d 114, 2011-Ohio-3278.]**

*Workers' Compensation—Appeal to common pleas court under R.C. 4123.512—*
*Scope of appeal—Issues considered at administrative level—Aggravation*
*of preexisting condition.*

(No. 2010-0924—Submitted March 2, 2011—Decided July 7, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-081279,

187 Ohio App.3d 199, 2010-Ohio-1571.

_____

**SYLLABUS OF THE COURT**

1. Because aggravation of a preexisting medical condition is a type of causation, it
    is not a separate condition or distinct injury as defined in R.C. 4123.01.

2. An appeal taken pursuant to R.C. 4123.512 allows the claimant to present
    evidence on any theory of causation pertinent to a claim for a medical
    condition that already has been addressed administratively.

_____

**LANZINGER, J.**

**{¶ 1}** In this discretionary appeal, we address an issue left open in an
earlier case: "whether a claim for a certain condition by way of direct causation
must necessarily include a claim for aggravation of that condition for purposes of
either R.C. 4123.512 or res judicata." *Ward v. Kroger Co.*, 106 Ohio St.3d 35,
2005-Ohio-3560, 830 N.E.2d 1155, ¶ 15, fn. 1 (the claimant in an R.C. 4123.512
appeal may seek to participate in the workers' compensation fund only for those

conditions that were addressed in the administrative order from which the appeal is taken).

{¶ 2}   For the reasons that follow, we hold that (1) because aggravation of a preexisting medical condition is a type of causation, it is not a separate condition or distinct injury as defined in R.C. 4123.01 and (2) an appeal taken pursuant to R.C. 4123.512 allows the claimant to present evidence on any theory of causation pertinent to a claim for a medical condition that already has been addressed administratively.

**Facts and Procedural History**

{¶ 3}   On September 11, 2003, Joseph A. Starkey, while working as a service technician for Builders FirstSource Ohio Valley, L.L.C. ("Builders"), felt pain in his left hip as he leaned back and turned to his right to avoid being knocked off a ladder while installing a window.  He filed a claim with the Bureau of Workers' Compensation ("BWC"), which allowed his claim for "sprain hip & thigh, left; sprain lumbosacral; enthesopathy of left hip; tear left hamstring; glenoid labrum tear of left hip; venous embolism deep vein thrombosis left leg; and degenerative joint disease left hip."

{¶ 4}   On December 9, 2005, he moved to amend his claim to include "degenerative osteoarthritis of the left hip."  A district hearing officer allowed the amended claim, stating, " '[D]egenerative osteoarthritis of the left hip' is causally related to and the result of the injury of record."  A staff hearing officer affirmed the allowance, and the Industrial Commission declined further review.

{¶ 5}   Builders then appealed to the Hamilton County Common Pleas Court, challenging Starkey's right to participate in the workers' compensation fund for "degenerative osteoarthritis of the left hip," and pursuant to R.C. 4123.512, Starkey filed a corresponding complaint.  In preparation for trial, Builders deposed Starkey's treating physician, Dr. John Gallagher, who testified that Starkey suffered from degenerative osteoarthritis of the left hip and that his

2

work-related injury "directly aggravated" his preexisting osteoarthritis. Builders' medical expert, Dr. Thomas Bender, also concluded that Starkey had aggravated a preexisting condition.

{¶ 6} When Starkey rested his case, Builders moved for dismissal, arguing that because a claimant may seek to participate in the workers' compensation fund in the common pleas court only for those conditions addressed in the administrative order, and because Starkey asserted a new condition on appeal—aggravation of degenerative osteoarthritis of the left hip—he could not participate in the fund for that condition. The trial court agreed and entered judgment for Builders, stating that "a claim for aggravation of a preexisting condition is a claim separate and distinct from a claim for that underlying condition itself, and administrative action on one such claim does not without more trigger Common Pleas Court jurisdiction to consider the other."

{¶ 7} The First District Court of Appeals reversed the order of the common pleas court, observing that Starkey had presented claims for the same medical condition—degenerative osteoarthritis—both administratively and in common pleas court and that by arguing aggravation of degenerative osteoarthritis in the common pleas court, he merely changed the type of causation. The court further determined that because Builders' expert, Dr. Bender, also diagnosed preexisting degenerative osteoarthritis, "there was no ambush by Starkey's counsel." 187 Ohio App.3d 199, 2010-Ohio-1571, 931 N.E.2d 633, ¶ 31. Accordingly, the appellate court concluded that Starkey could participate in the fund for degenerative osteoarthritis based on evidence that his work-related injury had aggravated his preexisting medical condition.

{¶ 8} On appeal to this court, Builders, citing *Plotner v. Family Dollar Stores*, 6th Dist. No. L-07-1287, 2008-Ohio-4035, 2008 WL 3198710, argues that a claim that a work-related injury caused a medical condition does not include a claim that an injury aggravated a preexisting medical condition, because they

involve separate conditions "with differing medical and legal criteria" and thus constitute different claims. Builders further argues that because a claimant cannot seek to participate in the fund on appeal for a condition that has not been presented to the Industrial Commission, Starkey's aggravation claim should not have been raised for the first time in the common pleas court. Thus, Builders maintains that the dismissal was proper.

{¶ 9} Starkey and the BWC do not dispute that a common pleas court may consider only those medical conditions that have first been considered at the administrative level, but assert that "aggravation" refers to the manner in which a medical condition is causally connected to a work-related injury and does not refer to a separate medical condition. Accordingly, they argue that even if a claimant alleges aggravation of a preexisting medical condition for the first time in common pleas court, the condition remains the same, and thus the common pleas court is authorized to consider the new theory of causation on appeal. Starkey and the BWC also contend that a claimant need not raise a specific theory of causation at the administrative level, because the parties have an opportunity to present new evidence of causation in the common pleas court to the extent that it pertains to the medical condition considered administratively. Accordingly, Starkey and the BWC contend that the court of appeals properly reversed the judgment in favor of Builders.

{¶ 10} Thus, the issue presented for our review is whether a workers' compensation claim alleging that a work-related injury caused a medical condition encompasses a claim that the same injury aggravated a preexisting medical condition or whether each theory of causation presents a separate claim that must first be considered at the administrative level.

**Law and Analysis**

{¶ 11} This case allows us to consider an issue left open in *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. In *Ward*, we

considered whether an R.C. 4123.512 appeal "is limited to the medical conditions addressed in the order from which the appeal is taken." Id. at ¶ 6. We held that a "claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken." Id. at syllabus. We resolved *Ward* on the basis that the claimant had raised new conditions on appeal that had not been raised administratively and therefore were not subject to judicial review.

{¶ 12} However, in a footnote in *Ward*, we declined to address "whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata." Id. at ¶ 15, fn. 1. This case allows us to resolve that issue.

{¶ 13} Builders relies on the argument that because the proof necessary to demonstrate direct causation differs from that needed to establish aggravation of a preexisting medical condition, each theory of causation presents a separate claim that must first be considered at the administrative level. See *Davidson v. Bur. of Workers' Comp.*, 2d Dist. No. 21731, 2007-Ohio-792, at ¶ 27. In other words, a common pleas court may not consider evidence of aggravation of preexisting degenerative osteoarthritis in an R.C. 4123.512 appeal even though the condition of degenerative osteoarthritis as a work-related injury was heard by the staff hearing officer at the Industrial Commission.

{¶ 14} The workers' compensation statutes do not define the term "condition," although we stated in *Ward* at ¶ 10: "A workers' compensation claim is simply the recognition of the employee's right to participate in the fund *for a specific injury or medical condition, which is defined narrowly,* and it is only for *that condition*, as set forth in the claim, that compensation and benefits provided under the act may be payable." (Emphasis added.) The word "injury," however, is defined in R.C. 4123.01(C) as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of,

and arising out of, the injured employee's employment." An injury requires physical harm or a medical condition documented by the evidence. *Malone v. Indus. Comm.* (1942), 140 Ohio St. 292, 23 O.O. 496, 43 N.E.2d 266, overruled on other grounds, *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079 ("injury" encompasses physical or traumatic damage or harm).

**{¶ 15}** Claimants, therefore, must submit a medical diagnosis of an injury at the administrative level to prevail. In this case, Starkey provided evidence of his injury, degenerative osteoarthritis. He also was required to establish a causal connection between the documented physical harm and the industrial injury for it to be compensable. Among the types of causation, Ohio law recognizes direct causation, aggravation of a preexisting condition, repetitive trauma, and flow-through. *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1; *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920; *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207; *Village v. Gen. Motors*, 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079.

**{¶ 16}** At the administrative level, the hearing officer is not limited to the type of causation a claimant argues. The Industrial Commission Hearing Officer's Manual (2010), Section S-11, specifically requires the hearing officer to consider evidence of both direct causation and aggravation as potential causes for a condition.[1] http://www.ohioic.com/policies/hearofficermanual/hom.pdf.

---

1. Section S-11 provides: "If there is evidence on file or presented at hearing to support both the theories of direct causation, or aggravation (date of injury or disability prior to August 25, 2006)/substantial aggravation (date of injury or disability on or after August 25, 2006), a request to allow a condition in a claim is to be broadly construed to cover either theory of causation (i.e. direct vs. aggravation/substantial aggravation). The Hearing Officer must address the origin of the condition under both theories of causation without referring the claim back to the prior hearing level or the BWC. Where new evidence regarding an alternative theory of causation is submitted by any party, Hearing Officers and/or Hearing Administrators shall ensure that all parties are given adequate opportunity to obtain evidence in support of their position by continuing the hearing for a period of at least thirty (30) days, unless the parties agree that less time is sufficient for obtaining the necessary evidence. The Hearing Officers and/or Hearing Administrators shall

{¶ 17} In applying the statutory requirements, we remain mindful that the workers' compensation statutes should be liberally construed in favor of employees. R.C. 4123.95. The ultimate question in a workers' compensation appeal is the claimant's right to participate in the fund for an injury received in the course of, and arising out of, the claimant's employment. As long as the injury has a causal connection—whether direct or aggravated—to the claimant's employment, the claimant is entitled to benefits.

{¶ 18} We therefore agree with the courts that have held that a claimant is not required to advance a specific theory of causation at the administrative level if he or she wishes to use that theory in the trial court, because R.C. 4123.512 allows for introduction of new evidence, provided that it relates to the same medical condition or injury. *McManus v. Eaton Corp.* (May 16, 1988), 5th Dist. No. CA-7346, 1988 WL 48598 (aggravation of a previously ruptured disc is not a different injury from a ruptured disc); *Plaster v. Elbeco, Inc.,* 3d Dist. No. 3-07-06, 2007-Ohio-5623, 2007 WL 3052773 (causation of disc herniation was not a new condition); *Bright v. E. & C. Lyons* (Sept. 30, 1993), 11th Dist. No. 93-G-1753, 1993 WL 407361 (the evidence is admissible when new theory of recovery is offered to advance new theory of causation, not new injury); *Torres v. Gen. Motors Corp., C.P.C. Group* (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632 (consideration of aggravation was proper when a single disc injury was claimed); *Robinson v. AT & T Network Sys.*, 10th Dist. No. 02AP-807, 2003-Ohio-1513, 2003 WL 1563856, ¶ 16 ("advancing a new theory of causation is not tantamount to trying to prove a new injury").

{¶ 19} On an R.C. 4123.512 appeal from the Industrial Commission's order, although the proceeding is de novo, the decision for the common pleas court is the claimant's right to participate in the fund for a specific *injury*, not for

state in their compliance letter or order the period of time required to obtain the necessary evidence."

a specific type of causation. As we explained in *Ward,* "Under R.C. 4123.512(A), '[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *.' " 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 9.

### Conclusion

{¶ 20} In *Ward,* we did not answer whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition. To comply with R.C. 4123.95's mandate to construe the workers' compensation statutes liberally in favor of employees, we now answer affirmatively.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, CUPP, and McGEE BROWN, JJ., concur.

O'DONNELL, J., dissents.

_____

**O'DONNELL, J., dissenting.**

{¶ 21} I respectfully dissent.

{¶ 22} In this case, the majority has determined that a workers' compensation claim alleging that a work-related injury *caused* a medical condition also includes a claim that the injury *aggravated* the same preexisting medical condition, thereby permitting the common pleas court to consider aggravation of a preexisting condition on appeal if the Bureau of Workers' Compensation allowed the condition as directly caused by the employment.

{¶ 23} A workers' compensation claim alleging that a work-related injury caused a medical condition is different from a workers' compensation claim alleging that a work-related injury aggravated the same preexisting medical

condition because each of these claims requires different elements of proof. Moreover, the workers' compensation system is predicated upon administrative processing of claims with an opportunity for de novo judicial review; but de novo review does not permit a claimant to assert a different claim on appeal by changing the theory of causation. Accordingly, I would assert that the common pleas court is precluded from adjudicating an aggravation claim on appeal that has not first been presented administratively. Here, Starkey did not raise the aggravation claim administratively, but rather asserted it only on appeal. Thus, I would reverse the judgment of the court of appeals.

### Facts and Procedural History

{¶ 24} After sustaining an injury to his left hip while working for Builders FirstSource Ohio Valley, L.L.C., Joseph A. Starkey filed a workers' compensation benefits claim for "degenerative osteoarthritis of the left hip." The Bureau of Workers' Compensation ultimately granted his request, and Builders appealed this determination to common pleas court. After Starkey provided evidence at trial that his work-related injury aggravated his preexisting degenerative osteoarthritis, Builders moved for dismissal, arguing that Starkey had asserted only a direct-causation claim administratively and that the trial court could not consider a new theory of causation—aggravation of preexisting osteoarthritis—for the first time on appeal. The court agreed and dismissed the action.

{¶ 25} The court of appeals reversed, holding that the court could consider Starkey's appeal regardless of the theory of causation presented because he had presented claims for the same medical condition—degenerative osteoarthritis—both administratively and in common pleas court.

{¶ 26} Builders appealed, and we are now asked to consider whether a workers' compensation claim alleging that a work-related injury caused a medical condition encompasses a claim that the same injury aggravated a preexisting

medical condition, thereby allowing a claimant to assert aggravation of a preexisting medical condition on appeal in the common pleas court without consideration of the aggravation claim at the administrative level. The majority has determined that it does. For the following reasons, I dissent.

**Law and Analysis**

{¶ 27} We considered a similar issue in *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. There, we recognized that in enacting the workers' compensation statutes, the General Assembly divided the responsibilities of claims processing and review between the executive and judicial branches of government. We explained that the Workers' Compensation Act provides the Industrial Commission with the exclusive authority to perform an initial review of claims pursuant to R.C. 4123.511 and also affords the common pleas court a limited right to conduct a de novo review of those claims pursuant to R.C. 4123.512 after the Industrial Commission completes its evaluation.

*Medical condition similar to causation*

{¶ 28} In *Ward*, we considered whether an R.C. 4123.512 appeal "is limited to the medical conditions addressed in the order from which the appeal is taken." Id. at ¶ 6. We observed that appellate courts had split on this issue, with some courts holding that because the common pleas court performs a de novo review, a claimant could supplement the claim to add conditions that had not been addressed by the commission, and other courts holding that a claimant may not litigate different conditions in common pleas court, because they had not been considered administratively. We concluded the latter analysis to be more persuasive. Id. at ¶ 7-9.

{¶ 29} This court determined that the General Assembly intended that claims be presented in the first instance at the administrative level as a "necessary and inherent part of the overall adjudicative framework of the Workers'

Compensation Act," id. at ¶ 9, and determined that "each injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512, and each such claim must proceed through the administrative process in order to be subject to judicial review." Id. at ¶ 11. We reasoned that "[a]llowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme." Id. at ¶ 10. In doing so, we stressed that we were not willing to "usurp[ ] the commission's authority as the initial adjudicator of claims and cast[ ] the common pleas court in the role of a claims processor." Id. Thus, we limited the scope of an R.C. 4123.512 appeal to "those conditions that were addressed in the administrative order from which the appeal is taken." Id. at syllabus. We resolved *Ward* on the basis that the claimant had raised new conditions on appeal that had not been raised administratively and therefore were not subject to judicial review.

{¶ 30} However, in a footnote in *Ward*, we declined to address "whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata." Id. at ¶ 15, fn. 1. The facts in the instant case provide this court with an opportunity to address the unresolved issue in *Ward*.

{¶ 31} A split of authority exists among appellate courts in Ohio on this question. The Eighth, Tenth, and Eleventh Districts have held that a workers' compensation claim alleging that an injury has directly caused a condition includes a claim alleging that a work-related injury has aggravated the same preexisting condition and, therefore, a claim for aggravation can be considered for the first time on appeal. *Bright v. E. & C. Lyons* (Sept. 30, 1993), 11th Dist. No. 93-G-1753, 1993 WL 407361, at *2 (emphasizing that "in a case where a new theory of recovery is first presented at the trial level, the evidence is admissible since the claimant * * * is not attempting to prove a new injury, but rather, merely

advances a new theory of causation"); *Torres v. Gen. Motors Corp.* (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632, *3 (concluding that by seeking an instruction on aggravation, Torres "ha[d] not asserted a new injury, for the first time, at the trial level"). The court in *Robinson v. AT & T Network Sys.*, 10th Dist. No. 02AP-807, 2003-Ohio-1513, 2003 WL 1563856, at ¶ 16, similarly concluded that "advancing a new theory of causation is not tantamount to trying to prove a new injury," but that case is factually distinguishable in that it arose from a claim for aggravation of a preexisting condition filed after Robinson did not appeal from a direct-causation claim for the same medical condition. The court determined that because Robinson could have raised his aggravation claim on appeal from the denial of his directly caused condition, res judicata barred him from raising the aggravation claim in the subsequent administrative appeal. Nonetheless, the appellate court concluded that Robinson would have been able to change his theory of causation on appeal.

{¶ 32} Conversely, the First and Second Districts have a different view and have concluded that a claim alleging that a work-related injury has caused a medical condition is different from a claim alleging that the injury has aggravated a preexisting condition, because each involves a distinct medical condition that requires different elements of proof. Thus, those courts are persuaded that pursuant to *Ward*, a claimant must present an aggravation claim at the administrative level before the common pleas court can consider it on appeal. *Collins v. Conrad* (Nov. 15, 2006), 1st Dist. Nos. C-050829 and C-050865, at *5-6 (holding that direct and aggravation claims "involve[ ] separate injuries with different elements of proof," giving "rise to separate claims" that "need to be presented to the Industrial Commission in the first instance"); *Davidson v. Bur. of Workers' Comp.*, 2d Dist. No. 21731, 2007-Ohio-792, 2007 WL 585774, at ¶ 27 (finding that because the claims are for intrinsically separate conditions, requiring different proof, "a claim for an aggravation of a preexisting condition not

previously adjudicated by the commission is not appealable at the trial court level").

**{¶ 33}** These courts rely on *Ward* to distinguish direct-causation claims from aggravation claims. In *Ward*, we recognized that the General Assembly has manifested its intent to give the Industrial Commission and common pleas court different roles in processing and reviewing workers' compensation claims, expressly limiting the authority of the common pleas court to reviewing claims already considered at the administrative level. *Ward* precluded the presentation of new *medical conditions* on appeal but did not address the presentation of new *theories of causation* on appeal; nonetheless, our observations there are instructive regarding the issue confronted here.

**{¶ 34}** Ward sought to participate in the fund for a new medical condition on appeal and had the burden to establish different elements of proof in the common pleas court from what he had presented administratively. Similarly, a claimant who presents a new theory of causation on appeal is required to establish different elements of proof in the common pleas court from what would have been presented at the administrative level. Judge Brogan aptly observed this distinction in *Davidson*. He noted that "[t]o demonstrate that a direct injury is the result of the accident raising the need to participate in the Workers' Compensation Fund, the evidence must show that a direct or proximate causal relationship existed between the claimant's accidental injury and his or her harm." *Davidson*, 2007-Ohio-792, at ¶ 28. He further explained that "[t]his is different from the evidence showing that a preexisting condition has been aggravated" because in that case the " ' "key is whether the aggravation [* * *] had an impact on a person's bodily functions or affected an individual's ability to function or work." ' " Id. at ¶ 28, quoting *Gower v. Conrad* (2001), 146 Ohio App.3d 200, 204, 765 N.E.2d 905, quoting *Boroff v. McDonald's Restaurants of Ohio, Inc.* (1988), 46 Ohio App.3d 178, 191, 546 N.E.2d 457.

**{¶ 35}** I appreciate this distinction as well, and would assert that because the proof necessary to demonstrate direct causation differs from that needed to establish aggravation of a preexisting medical condition, each theory of causation presents a separate claim, such that these claims are properly considered in the first instance at the administrative level.

*De novo review in an R.C. 4123.512 appeal*

**{¶ 36}** The de novo nature of an R.C. 4123.512 appeal does not change this analysis. A de novo review contemplates the consideration of new evidence. In *Ward*, we recognized that some appellate courts had found that R.C. 4123.512's authorization of additional discovery suggested that "the General Assembly contemplated that additional evidence might surface in the court of common pleas and intended, in the interest of judicial economy, to allow for the litigation of new conditions." Id., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶ 7, citing *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 81-83, 619 N.E.2d 1165; *Williams v. Harsco Corp.* (1994), 94 Ohio App.3d 441, 446-447, 640 N.E.2d 1193; *Reed v. MTD Prod., Inc.* (1996), 111 Ohio App.3d 451, 458-460, 676 N.E.2d 576.

**{¶ 37}** However, we observed that other appellate courts "reason that the character of the trial as de novo means only that new evidence may be presented *with regard to the appealed condition*, not that evidence of a new condition may be presented for the first time on appeal." (Emphasis added.) Id. at ¶ 8-9, citing *Mims v. Lennox-Haldeman Co.* (1964), 8 Ohio App.2d 226, 228-229, 31 O.O.2d 357, 199 N.E.2d 20; *Williams v. Timken Co.* (Oct. 1, 1984), 5th Dist. No. CA-6346, 1984 WL 3906; *Dunn v. Mayfield* (1990), 66 Ohio App.3d 336, 340, 584 N.E.2d 37; *Blake v. Mihm* (Aug. 23, 1995), 9th Dist. No. 17043, 1995 WL 499782; *Hausch v. Alside* (1998), 129 Ohio App.3d 362, 717 N.E.2d 1121.

**{¶ 38}** In *Ward*, we found that "the latter courts come closer to the mark," and we added some explanation: requiring administrative determination of claims

in the first instance "is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act," and we stated, "Allowing consideration of the right to participate for additional conditions to originate at the judicial level * * * usurps the commission's authority * * * and casts the common pleas court in the role of a claims processor." Id. at ¶ 9-10.

{¶ 39} I would assert that the analysis is the same for new *theories of causation.* Although the majority determines that aggravation can be raised as a theory of causation for the first time in common pleas court because R.C. 4123.512 contemplates the introduction of new evidence on appeal, the de novo character of an R.C. 4123.512 appeal means only that new evidence may be presented with regard to the appealed theory of causation, not that evidence of a new theory of causation may be presented for the first time on appeal. The presentation of a new theory of causation raises a new claim, and allowing a claimant to present new evidence to support a new theory of causation on appeal overrides the General Assembly's direction that claims be subjected to administrative consideration before judicial review.

{¶ 40} In this case, Starkey neither argued nor presented any evidence at the administrative level that his work-related injury aggravated a preexisting medical condition. Thus, the Industrial Commission never considered that claim. I respectfully dissent from the majority holding that a claimant may nonetheless raise an aggravation claim for the first time on appeal.

_____

Fox & Fox Co., L.P.A., M. Christopher Kneflin, and Bernard C. Fox Jr., for appellee Joseph Starkey.

Becker & Cade and Howard D. Cade III, for appellant.

Michael Dewine, Attorney General, Alexandra T. Schimmer, Solicitor General, Stephen P. Carney, Deputy Solicitor, Elise W. Porter, Assistant Solicitor,

and Thomas J. Straus, Assistant Attorney General, for appellee Stephen Buehrer, Administrator of Workers' Compensation.

Philip J. Fulton, urging affirmance for amici curiae Ohio Association of Claimants' Counsel and Ohio Association for Justice.

_____