O’Donnell, J.,
dissenting.
{¶ 21} I respectfully dissent.
{¶ 22} In this case, the majority has determined that a workers’ compensation claim alleging that a work-related injury caused a medical condition also includes a claim that the injury aggravated the same preexisting medical condition, thereby permitting the common pleas court to consider aggravation of a preexisting condition on appeal if the Bureau of Workers’ Compensation allowed the condition as directly caused by the employment.
{¶ 23} A workers’ compensation claim alleging that a work-related injury caused a medical condition is different from a workers’ compensation claim alleging that a work-related injury aggravated the same preexisting medical condition because each of these claims requires different elements of proof. Moreover, the workers’ compensation system is predicated upon administrative processing of claims with an opportunity for de novo judicial review; but de novo review does not permit a claimant to assert a different claim on appeal by changing the theory of causation. Accordingly, I would assert that the common pleas court is precluded from adjudicating an aggravation claim on appeal that has not first been presented administratively. Here, Starkey did not raise the *120 aggravation claim administratively, but rather asserted it only on appeal. Thus, I would reverse the judgment of the court of appeals.
Facts and Procedural History
{¶ 24} After sustaining an injury to his left hip while working for Builders FirstSource Ohio Valley, L.L.C., Joseph A. Starkey filed a workers’ compensation benefits claim for “degenerative osteoarthritis of the left hip.” The Bureau of Workers’ Compensation ultimately granted his request, and Builders appealed this determination to common pleas court. After Starkey provided evidence at trial that his work-related injury aggravated his preexisting degenerative osteoarthritis, Builders moved for dismissal, arguing that Starkey had asserted only a direct-causation claim administratively and that the trial court could not consider a new theory of causation — aggravation of preexisting osteoarthritis— for the first time on appeal. The court agreed and dismissed the action.
{¶ 25} The court of appeals reversed, holding that the court could consider Starkey’s appeal regardless of the theory of causation presented because he had presented claims for the same medical condition — degenerative osteoarthritis— both administratively and in common pleas court.
{¶ 26} Builders appealed, and we are now asked to consider whether a workers’ compensation claim alleging that a work-related injury caused a medical condition encompasses a claim that the same injury aggravated a preexisting medical condition, thereby allowing a claimant to assert aggravation of a preexisting medical condition on appeal in the common pleas court without consideration of the aggravation claim at the administrative level. The majority has determined that it does. For the following reasons, I dissent.
Law and Analysis
{¶ 27} We considered a similar issue in Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. There, we recognized that in enacting the workers’ compensation statutes, the General Assembly divided the responsibilities of claims processing and review between the executive and judicial branches of government. We explained that the Workers’ Compensation Act provides the Industrial Commission with the exclusive authority to perform an initial review of claims pursuant to R.C. 4123.511 and also affords the common pleas court a limited right to conduct a de novo review of those claims pursuant to R.C. 4123.512 after the Industrial Commission completes its evaluation.

Medical condition similar to causation

{¶ 28} In Ward, we considered whether an R.C. 4123.512 appeal “is limited to the medical conditions addressed in the order from which the appeal is taken.” Id. at ¶ 6. We observed that appellate courts had split on this issue, with some *121 courts holding that because the common pleas court performs a de novo review, a claimant could supplement the claim to add conditions that had not been addressed by the commission, and other courts holding that a claimant may not litigate different conditions in common pleas court, because they had not been considered administratively. We concluded the latter analysis to be more persuasive. Id. at ¶ 7-9.
{¶ 29} This court determined that the General Assembly intended that claims be presented in the first instance at the administrative level as a “necessary and inherent part of the overall adjudicative framework of the Workers’ Compensation Act,” id. at ¶ 9, and determined that “each injury or condition that is alleged to give the claimant a right to participate in the Workers’ Compensation Fund must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512, and each such claim must proceed through the administrative process in order to be subject to judicial review.” Id. at ¶ 11. We reasoned that “[allowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme.” Id. at ¶ 10. In doing so, we stressed that we were not willing to “usurp[] the commission’s authority as the initial adjudicator of claims and cast[ ] the common pleas court in the role of a claims processor.” Id. Thus, we limited the scope of an R.C. 4123.512 appeal to “those conditions that were addressed in the administrative order from which the appeal is taken.” Id. at syllabus. We resolved Ward on the basis that the claimant had raised new conditions on appeal that had not been raised administratively and therefore were not subject to judicial review.
{¶ 30} However, in a footnote in Ward, we declined to address “whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata.” Id. at ¶ 15, fn. 1. The facts in the instant case provide this court with an opportunity to address the unresolved issue in Ward.
{¶ 31} A split of authority exists among appellate courts in Ohio on this question. The Eighth, Tenth, and Eleventh Districts have held that a workers’ compensation claim alleging that an injury has directly caused a condition includes a claim alleging that a work-related injury has aggravated the same preexisting condition and, therefore, a claim for aggravation can be considered for the first time on appeal. Bright v. E. & C. Lyons (Sept. 30, 1993), 11th Dist. No. 93-G-1753, 1993 WL 407361, at *2 (emphasizing that “in a case where a new theory of recovery is first presented at the trial level, the evidence is admissible since the claimant * * * is not attempting to prove a new injury, but rather, merely advances a new theory of causation”); Torres v. Gen. Motors Corp. (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632, *3 (concluding that by seeking an instruction on aggravation, Torres “ha[d] not asserted a new injury, for the first *122 time, at the trial level”). The court in Robinson v. AT & T Network Sys., 10th Dist. No. 02AP-807, 2003-Ohio-1513, 2003 WL 1563856, at ¶ 16, similarly concluded that “advancing a new theory of causation is not tantamount to trying to prove a new injury,” but that case is factually distinguishable in that it arose from a claim for aggravation of a preexisting condition filed after Robinson did not appeal from a direct-causation claim for the same medical condition. The court determined that because Robinson could have raised his aggravation claim on appeal from the denial of his directly caused condition, res judicata barred him from raising the aggravation claim in the subsequent administrative appeal. Nonetheless, the appellate court concluded that Robinson would have been able to change his theory of causation on appeal.
{¶ 32} Conversely, the First and Second Districts have a different view and have concluded that a claim alleging that a work-related injury has caused a medical condition is different from a claim alleging that the injury has aggravated a preexisting condition, because each involves a distinct medical condition that requires different elements of proof. Thus, those courts are persuaded that pursuant to Ward, a claimant must present an aggravation claim at the administrative level before the common pleas court can consider it on appeal. Collins v. Conrad (Nov. 15, 2006), 1st Dist. Nos. C-050829 and C-050865, at *5-6 (holding that direct and aggravation claims “involve[ ] separate injuries with different elements of proof,” giving “rise to separate claims” that “need to be presented to the Industrial Commission in the first instance”); Davidson v. Bur. of Workers’ Comp., 2d Dist. No. 21731, 2007-Ohio-792, 2007 WL 585774, at ¶ 27 (finding that because the claims are for intrinsically separate conditions, requiring different proof, “a claim for an aggravation of a preexisting condition not previously adjudicated by the commission is not appealable at the trial court level”).
{¶ 33} These courts rely on Ward to distinguish direct-causation claims from aggravation claims. In Ward, we recognized that the General Assembly has manifested its intent to give the Industrial Commission and common pleas court different roles in processing and reviewing workers’ compensation claims, expressly limiting the authority of the common pleas court to reviewing claims already considered at the administrative level. Ward precluded the presentation of new medical conditions on appeal but did not address the presentation of new theories of causation on appeal; nonetheless, our observations there are instructive regarding the issue confronted here.
{¶ 34} Ward sought to participate in the fund for a new medical condition on appeal and had the burden to establish different elements of proof in the common pleas court from what he had presented administratively. Similarly, a claimant who presents a new theory of causation on appeal is required to establish different elements of proof in the common pleas court from what would have been *123 presented at the administrative level. Judge Brogan aptly observed this distinction in Davidson. He noted that “[t]o demonstrate that a direct injury is the result of the accident raising the need to participate in the Workers’ Compensation Fund, the evidence must show that a direct or proximate causal relationship existed between the claimant’s accidental injury and his or her harm.” Davidson, 2007-Ohio-792, 2007 WL 585774, at ¶28. He further explained that “[t]his is different from the evidence showing that a preexisting condition has been aggravated” because in that case the “ “key is whether the aggravation [* * *] had an impact on a person’s bodily functions or affected an individual’s ability to function or work.” ’ ” Id. at ¶ 28, quoting Gower v. Conrad (2001), 146 Ohio App.3d 200, 204, 765 N.E.2d 905, quoting Boroff v. McDonald’s Restaurants of Ohio, Inc. (1988), 46 Ohio App.3d 178, 191, 546 N.E.2d 457.
{¶ 35} I appreciate this distinction as well, and would assert that because the proof necessary to demonstrate direct causation differs from that needed to establish aggravation of a preexisting medical condition, each theory of causation presents a separate claim, such that these claims are properly considered in the first instance at the administrative level.

De novo review in an R.C. 1123.512 appeal

{¶ 36} The de novo nature of an R.C. 4123.512 appeal does not change this analysis. A de novo review contemplates the consideration of new evidence. In Ward, we recognized that some appellate courts had found that R.C. 4123.512’s authorization of additional discovery suggested that “the General Assembly contemplated that additional evidence might surface in the court of common pleas and intended, in the interest of judicial economy, to allow for the litigation of new conditions.” Id., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶7, citing Grant v. Ohio Dept. of Liquor Control (1993), 86 Ohio App.3d 76, 81-83, 619 N.E.2d 1165; Williams v. Harsco Corp. (1994), 94 Ohio App.3d 441, 446-447, 640 N.E.2d 1193; Reed v. MTD Prod., Inc. (1996), 111 Ohio App.3d 451, 458-460, 676 N.E.2d 576.
{¶ 37} However, we observed that other appellate courts “reason that the character of the trial as de novo means only that new evidence may be presented with regard to the appealed condition, not that evidence of a new condition may be presented for the first time on appeal.” (Emphasis added.) Id. at ¶ 8-9, citing Mims v. Lennox-Haldeman Co. (1964), 8 Ohio App.2d 226, 228-229, 31 O.O.2d 357, 199 N.E.2d 20; Williams v. Timken Co. (Oct. 1, 1984), 5th Dist. No. CA-6346, 1984 WL 3906; Dunn v. Mayfield (1990), 66 Ohio App.3d 336, 340, 584 N.E.2d 37; Blake v. Mihm (Aug. 23, 1995), 9th Dist. No. 17043, 1995 WL 499782; Hausch v. Alside (1998), 129 Ohio App.3d 362, 717 N.E.2d 1121.
{¶ 38} In Ward, we found that “the latter courts come closer to the mark,” and we added some explanation: requiring administrative determination of claims in *124 the first instance “is a necessary and inherent part of the overall adjudicative framework of the Workers’ Compensation Act,” and we stated, “Allowing consideration of the right to participate for additional conditions to originate at the judicial level * * * usurps the commission’s authority * * * and casts the common pleas court in the role of a claims processor.” Id. at ¶ 9-10.
Fox & Fox Co., L.P.A., M. Christopher Kneflin, and Bernard C. Fox Jr., for appellee Joseph Starkey.
Becker & Cade and Howard D. Cade III, for appellant.
Michael Dewine, Attorney General, Alexandra T. Schimmer, Solicitor General, Stephen P. Carney, Deputy Solicitor, Elise W. Porter, Assistant Solicitor, and Thomas J. Straus, Assistant Attorney General, for appellee Stephen Buehrer, Administrator of Workers’ Compensation.
Philip J. Fulton, urging affirmance for amici curiae Ohio Association of Claimants’ Counsel and Ohio Association for Justice.
{¶ 39} I would assert that the analysis is the same for new theories of causation. Although the majority determines that aggravation can be raised as a theory of causation for the first time in common pleas court because R.C. 4123.512 contemplates the introduction of new evidence on appeal, the de novo character of an R.C. 4123.512 appeal means only that new evidence may be presented with regard to the appealed theory of causation, not that evidence of a new theory of causation may be presented for the first time on appeal. The presentation of a new theory of causation raises a new claim, and allowing a claimant to present new evidence to support a new theory of causation on appeal overrides the General Assembly’s direction that claims be subjected to administrative consideration before judicial review.
{¶ 40} In this case, Starkey neither argued nor presented any evidence at the administrative level that his work-related injury aggravated a preexisting medical condition. Thus, the Industrial Commission never considered that claim. I respectfully dissent from the majority holding that a claimant may nonetheless raise an aggravation claim for the first time on appeal.